**IN THE COURT OF APPEALS OF IOWA**

No. 18-1906
Filed July 24, 2019

**IN THE INTEREST OF K.B.,**
**Minor Child,**

**K.B., Minor Child,**
    Appellant.
_____

   Appeal from the Iowa District Court for Marshall County, Paul G. Crawford,

District Associate Judge.


   K.B. appeals the juvenile court order requiring him to register on the Iowa

Sex Offender Registry.  **AFFIRMED.**


   C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant.

   Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.


   Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

This appeal concerns K.B., who, as a juvenile, committed acts that would constitute second-degree sexual abuse if committed by an adult. The juvenile court adjudicated K.B. delinquent and ordered him to register on the Iowa Sex Offender Registry. On appeal, K.B. contends the juvenile court abused its discretion by refusing to waive or suspend the registration requirement.

Iowa Code section 692A.103(3) (2017) requires a juvenile to register as a sex offender if adjudicated delinquent for an offense that requires registration. The juvenile court may waive this requirement if, in the exercise of its discretion, it finds the juvenile is unlikely to reoffend. Iowa Code § 692A.103(3); *In re A.J.M.*, 847 N.W.2d 601, 606 (Iowa 2014). If the court does not waive the registration requirement, the court may modify or suspend the requirement upon motion of the juvenile if it finds "good cause is shown." Iowa Code § 692A.103(5); *A.J.M.*, 847 N.W.2d at 606.

> The first question is whether the juvenile is likely to reoffend; if not, registration is waived, and the matter is ended. If the court is unable to make the required finding for waiver, the juvenile may then ask the court to determine whether there is "good cause" to modify or suspend the registration requirement. The modification or suspension question must be based upon "good cause" and is a separate issue from waiver. At the modification or suspension hearing, factors in addition to the likelihood of reoffending become relevant.

*A.J.M.*, 847 N.W.2d at 607-08 (internal citations omitted).

Because the decision to waive or suspend the registration requirement is discretionary, our review is for an abuse of discretion. *See id.* at 604. "A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable." *Id.* at 607 (citation omitted). "A ruling is clearly unreasonable or

untenable when it is 'not supported by substantial evidence or when it is based on an erroneous application of the law.'" *Id.* (citation omitted).

Here, the juvenile court declined to waive or suspend the registration requirement because it could not find that K.B. was unlikely to reoffend. In making this determination, the court expressed concern that although K.B. admitted pushing his victim onto the bed and holding her down, he did not believe he used force to commit the act. The court also noted that K.B. committed the act after watching pornography, that he continues to watch pornography, and that he concealed this from his counselor. Finally, the court noted that K.B. has trouble controlling his impulses. To sum up, the court held, "I can't conclude that you're not likely to reoffend if you're not controlling yourself and your behaviors that actually triggered your events in the first place." For the same reasons, the court declined to suspend the registration requirement.

Substantial evidence supports the court's determination. We also agree that K.B. has failed to show good cause to suspend the requirement. Thus, the juvenile court properly exercised its discretion in declining to waive or suspend the registration requirement. As a result, we affirm.

**AFFIRMED.**